## Case No. 16,063.

### UNITED STATES v. The POLLY AND JANE.

[2 Hall, Law J. 458.]

District Court, D. New York. Aug. Term, 1809.

#### EMBARGO—LADING WITHOUT INSPECTION.

[A vessel is liable to forfeiture under the statute of January 9, 1808 (2 Stat. 506), for taking on goods exceeding $400 in value in the aggregate, without permit and inspection, although they were taken at different times and places, and at no one time to the amount of $400 in value.]

[This was a libel of forfeiture against the sloop Polly and Jane for alleged violation of the embargo law of January 9, 1808 (2 Stat. 506).]

In this case the libel also charged a lading without permit and inspection, and it appeared in evidence that goods of a greater value than $400, were so taken on board the sloop, as composing her cargo for an intended illicit voyage, but that the lading was effected at different times and places and at no one time to the amount of $400 worth.

His honour held the different ladings of the cargo as aforesaid to be a continuation of the same transaction and one offence; and that the aggregate value of the goods so laden exceeding in amount the sum of $400, the vessel, &c. became liable to forfeiture. Condemned.

## Case No. 16,064.

### UNITED STATES v. The POLLY AND NANCY.

[1 Hall, Law J. 483.]

District Court, D. Pennsylvania. Sept. 9, 1808.

#### EMBARGO—CARRYING PROHIBITED GOODS.

[Sea stores and provisions are not to be considered as a part of the cargo. so as to be forfeitable under the act of January 9, 1808 (2 Stat. 507). along with goods which the ship was prohibited from taking by the statute.]

This libel was filed by Mr. Dallas, the district attorney, against the schooner Polly and Nancy, John Russel, master, a British owned vessel, and her cargo, seized by the collector for a breach of the laws relating to the embargo, by taking on board prohibited goods.

Mr. Hopkinson appeared for the master, who was also the owner of the vessel; alleged that the illegal act was committed without the knowledge or approbation of his client; but submitted to the condemnation of the vessel and cargo, excepting the sea stores and provisions.

After hearing Mr. Dallas, on the one side, and Mr. Hopkinson, on the other, THE COURT decided that upon general principles, as well as upon the particular words of the fifth section of the act of the 9th of January, 1808 [2 Stat. 507], the sea stores and provisions could not be considered as a part of the cargo, liable to forfeiture.